**SO ORDERED.**

**SIGNED this 19 day of June, 2009.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| MARY ANNE ETHINGTON, | 08-09384-8-RDD |
| DEBTOR | |

**ORDER GRANTING BANKRUPTCY ADMINISTRATOR'S MOTION TO DISMISS CHAPTER 7 PROCEEDING OR TO CONVERT TO CHAPTER 13 WITH DEBTOR'S CONSENT PURSUANT TO 11 U.S.C. § 707(b)(1)**

Pending before the Court is the Motion of the Bankruptcy Administrator to Dismiss Debtor's Chapter 7 Case pursuant to 11 U.S.C. § 707(b)(1) (the "Motion to Dismiss"), and the Response in Opposition to the Bankruptcy Administrator's Motion to Dismiss filed by Mary Anne Ethington (the "Debtor"). A hearing was held in Fayetteville, North Carolina on May 7, 2009.

The issue before the Court is whether the Debtor's Thrift Savings Plan (the "TSP") loan repayment is an involuntary deduction under the Internal Revenue Manual (the "IRM"), thereby allowing such payments to be deducted as an "Other Necessary Expense" under Section 707(b)(2)(A)(ii)(I) of the Bankruptcy Code. Based on the following, the Court finds that pursuant to 11 U.S.C. § 707(b)(2)(A)(ii)(I) and Section 5.15.1.10 of the IRM, the Debtor's TSP loan repayment is not an involuntary deduction. Furthermore, because of the inability of the Debtor to

deduct the TSP loan repayment as an Other Necessary Expense, the Debtor fails the means test and abuse is presumed.

## BACKGROUND

On December 30, 2008, the Debtor filed a voluntary petition for Chapter 7 relief in the United States Bankruptcy Court for the Eastern District of North Carolina. The Debtor has been employed by the Department of Defense for twenty-six years. Her current monthly income listed on her amended form B22A is $7,340.54 and her deductions are $7,260.22. Included in the deductions is a $650.04 monthly TSP loan repayment which is classified as an involuntary deduction for employment on Line 26 of the form. Based on the amended B22C form, the Debtor's sixty month disposable income under Section 707(b)(2) totals $4,819.20[1] and, therefore, there would be no presumption of abuse.

On March 18, 2009, the Bankruptcy Administrator (the "BA") filed the Motion to Dismiss. The BA challenges whether the TSP loan repayment is an involuntary deduction under Section 5.15.1.10 of the IRM. The BA asserts that an involuntary deduction must be a deduction that is a requirement of the debtor's job. The BA maintains that the TSP loan repayment was not a requirement of the Debtor's job and, therefore, should not be allowed as an involuntary deduction on from B22C.

On March 31, 2009, the Debtor filed her response to the Motion to Dismiss asserting that the deduction for the TSP loan repayment was allowable under applicable law. The Debtor contends that the TSP loan payment was an involuntary deduction since she had no choice in having the payment automatically deducted from her wages.

---

[1] The sixty month disposable income of $4,819.20 is calculated based on sixty months times the Debtor's monthly disposable income of $80.32.

At the hearing, the Debtor testified that she took out the TSP loan in 2004 after her husband left the marital residence. She stated that the proceeds of the loan were used to pay Pennsylvania real estate taxes, her son's tuition, credit card debt and other loans. The Debtor immediately began repaying the TSP loan at a monthly rate of $650.04 through payroll deduction. The payroll deductions lasted through the means testing period and the TSP loan was repaid in January 2009.

## DISCUSSION

Based on the evidence presented to the Court, the Debtor has failed to establish the TSP loan repayment as an involuntary deduction under the IRM. Under 11 U.S.C. § 707(b)(2)(A)(ii), a debtor may deduct "Other Necessary Expenses" as determined by the Internal Revenue Service (the "IRS"). Involuntary deductions are considered a necessary expense allowed under the IRM.

Section 707(b)(2)(A)(ii)(I) states that "the debtor's monthly expenses shall be the debtor's . . . actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides . . . ." 11 U.S.C. 707(b)(2)(A)(ii)(I). The "Other Necessary Expenses" issued by the IRS are found in the IRM. Part five, chapter fifteen, section one of the IRM is labeled the Financial Analysis Handbook. IRM, Section 5.15.1. The handbook sets forth three types of allowable expenses, including "Other Expenses." IRM, Section 5.15.1.7. "Other Expenses" is listed as an allowable expense if it meets the necessary expense test; "expenses that are necessary to provide for a taxpayer's and his or her family's health and welfare and/or production of income." *Id.* Involuntary deductions are considered "Other Expenses" that satisfy the necessary expense test "if [the expense] is a requirement of the job." IRM, Section 5.15.1.10. The IRM expressly provides that "contributions to voluntary retirement plans are not a necessary expense." IRM, Section 5.15.1.23.

3

Though this issue is of first impression before this Court, two cases arising in other jurisdictions have dealt squarely with the issue of whether a loan repayment to a 401(k) plan loan is an involuntary deduction. *See In re Turner*, 376 B.R. 370 (Bankr. D. N.H. 2007); *In re Barraza*, 346 B.R. 724 (Bankr. N.D. Tex. 2006). In *Turner*, the debtor made voluntary contributions to her 401(k) retirement plan and repaid the loans from that plan as a direct deduction from her paycheck. *Turner*, 376 B.R. at 373. In that case, the debtor was required to pay the 401(k) loan for the duration of her employment. *Id*. A default by the debtor would not have caused her employment to be terminated, but would have resulted in a direct taxable distribution which would have been reported to the IRS. *Id*. The court in *Turner* reasoned that "the fact that the debtor took a loan against those [voluntary contributions] under loan terms that mandate repayment by payroll deductions does not change the nature of the funds when debtor repays them." *Turner*, 376 B.R. at 373 (quoting *In re Lenton*, 358 B.R. 651, 657 (Bankr. E.D. Pa. 2006)). The *Turner* court concluded that because the debtor's initial contributions were voluntary and the loan repayment was not required for her employment, the loan repayment was not an involuntary deduction.

Similarly, the Bankruptcy Court in the Northern District of Texas, in *In re Barraza,* followed the same reasoning. 346 B.R. 724 (Bankr. N.D. Tex. 2006). The *Barraza* Court concluded that because the only consequence to the debtor in defaulting on his 401(k) loans was a taxable distribution and not loss of employment, the loan repayments did not qualify as involuntary deductions. *Barraza*, 346 B.R. at 730.

The facts in this case are similar to both the facts in *Turner* and *Barraza*. The Debtor's TSP loan was borrowed from the Debtor's voluntary TSP account and her account balance was reduced by the amount of the loan. When the Debtor repaid the loan, her payments were reinvested in her

4

individual TSP account. In essence, she was repaying her original voluntary contribution to her TSP account in order to maintain its balance and avoid the tax consequences related to an early withdrawal. The "nature of the funds", *Turner* 376 B.R. at 373, does not change from the time the voluntary contributions are first deposited, through the borrowing of those same funds and then the subsequent repayment. The fact that the funds were repaid by a direct deduction from her payroll account does not change the fact that the Debtor's original contribution to the TSP account was voluntary. Therefore, because the funds originate from the Debtor's voluntary contribution, the repayment of such funds is not considered an involuntary deduction.

The TSP Manual states that "when [the debtor] agree[s] to the loan terms, ... [she] agree[s] to repay the loan in full and [she] authorize[s] payroll deductions." *TSP Manual at 8*. The Debtor authorized the loan repayment through payroll deduction and an involuntary deduction can not occur where the Debtor, not the employer, authorizes the payroll deduction.

Finally, the TSP loan repayment was not a requirement of the Debtor's employment. The TSP manual informs the borrower to read the TSP Fact Sheet "Bankruptcy Information" in the event of a bankruptcy.[2] The TSP Fact Sheet "Bankruptcy Information" informs the borrower that if he ceases to make loan payments, the TSP will close his loan and report the unpaid loan balance to the IRS as a taxable distribution. The TSP manual also states that a taxable distribution will be declared on the borrower's unpaid balance if he fails to replenish the funds which are withdrawn.

The Debtor testified at the hearing that she would not lose her job if she stopped making payments on the TSP loan. Had the Debtor discontinued the TSP loan repayments, the only consequence for failing to pay back the loan is that she would have been taxed on the distribution.

---

[2]Http://www.tsp.gov/forms/publications.html.

Because the repayment of the TSP loan is not a requirement of the Debtor's employment, it is not an involuntary deduction under "Other Necessary Expenses" of 11 U.S.C. § 707(b)(2)(A)(ii) or the IRM.

Consequently, the TSP loan repayment is not an involuntary deduction and, therefore, may not be deducted on Line 26 of form B22C. Based on the non-allowance of the TSP loan repayment deduction, the Debtor's total deductions allowed under 11 U.S.C. § 707(b)(2) is $6,610.18 and her current monthly income is $7,340.54. Thus, the Debtor's monthly disposable income is $730.36 and her sixty month disposable income would be $43,821.60 which exceeds $10,950.00,[3] the amount at which abuse is presumed. Therefore, the Court finds a presumption of abuse of the provisions of Chapter 7 and that grounds exist to justify dismissal of the case for abuse. However, on May 19, 2009, Debtor moved to convert the case to Chapter 13. The Court views the motion to convert as consent to convert to Chapter 13 under Section 707(b)(1) of the Bankruptcy Code. The Court therefore affirms the order entered May 28, 2009 to convert this case to Chapter 13.

**SO ORDERED.**

**END OF DOCUMENT**

---

[3]The Court "may dismiss a case filed by an individual debtor . . . if it finds that the granting of relief would be an abuse of the provisions of this chapter." 11 U.S.C. § 707(b)(1). "The court shall presume abuse exists if the debtors current monthly income reduced by [expenses] and multiplied by 60 is not less than the lesser of (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or (II) $10,950." 11 U.S.C. § 707(b)(2)(A)(i). In this case, 25% of the Debtor's nonpriority unsecured claims is $16,630.81. *See Schedule F*. Therefore, for abuse to be presumed, the Debtor's current monthly income multiplied by sixty must exceed $10,950.00.